**FILED**

**November 17, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel. R.W. Jr.,**
**Petitioner**

**vs.)  No. 23-213**

**The Honorable Bridget Cohee, Judge of**
**The Circuit Court of Berkeley County,**
**and The State of West Virginia,**
**Respondents**

## MEMORANDUM DECISION

Petitioner R.W. Jr. seeks a writ to prohibit Respondent Bridget Cohee, Judge of the Circuit Court of Berkeley County, from enforcing two protective orders entered on February 9, 2023.[1] Respondent State of West Virginia agrees that a writ of prohibition should be issued.[2] Upon our review, we determine that oral argument is unnecessary and that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for issuance of a memorandum decision rather than an opinion. For the reasons set forth below, we grant the writ of prohibition.

Petitioner is the father of R.W. III, a minor charged in two juvenile delinquency petitions pending before the circuit court.[3] During a February 6, 2023, status hearing in the delinquency cases, R.W. III's guardian ad litem gave the circuit court an oral report regarding disclosures the juvenile had made to her. These disclosures indicated that petitioner had physically and mentally

---

[1] Because this case involves minors and sensitive matters, we refer to petitioner and his son by their initials. *See*, *e.g.*, W. Va. R. App. P. 40(e).

[2] Petitioner is represented by counsel Christian J. Riddell. Respondent State of West Virginia is represented by Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

[3] The Berkeley County juvenile delinquency case numbers are 2022-JD-9 and 2022-JD-22.

abused R.W. III.[4] Neither petitioner nor his lawyer were present at this hearing. It is undisputed that the circuit court, without taking additional evidence or giving petitioner any notice or opportunity to respond to the allegations, sua sponte ordered that domestic violence protective orders would be entered against petitioner in both delinquency cases. The court's written orders, entered on February 9, 2023, prohibit petitioner from having contact with R.W. III and another child, prohibit petitioner from possessing firearms or ammunition, and direct that petitioner may be incarcerated and fined if he violates the orders. According to petitioner, he and his lawyer had no notice that the guardian ad litem would make this proffer or that protective orders would be discussed and issued. No verified domestic violence petition was filed regarding the guardian ad litem's verbal report, no follow-up hearing was scheduled regarding these orders, and the protective orders contain no termination date. The circuit court directed that the orders be uploaded into the National Domestic Violence Registry and the West Virginia Domestic Violence State Database.

Prohibition lies to restrain a lower court from proceeding in a case over which the court has no jurisdiction, or, having jurisdiction, exceeds its legitimate powers. Syl. Pt. 3, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). We consider five factors to decide whether a writ of prohibition should be granted because a court has exceeded its authority:

> (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*Id.* at 14, 483 S.E.2d at 14, Syl. Pt. 4, in part.

Petitioner argues that he is entitled to prohibition relief because the entry of these protective orders was clearly erroneous, procedurally improper, and in violation of his constitutional due process rights to notice and the opportunity to be heard. *See* U.S. Const. amend. XIV; W. Va. Const. art. III, § 10. Respondent State of West Virginia takes no position on the merits of the abuse allegations, but concedes that a writ of prohibition should issue.

Because of the unorthodox procedures followed by the circuit court in this matter, it is difficult to ascertain what statutory authority the circuit court intended to rely upon when entering

---

[4] The specific allegations are not included in the record submitted to this Court. Petitioner denies the allegations and asserts that the same claims were previously investigated and found to be untrue. We express no opinion, and make no ruling, on the merits of the abuse allegations.

these protective orders. Presumably, the circuit court intended to act pursuant to the authority granted by our domestic violence laws. *See* W. Va. Code §§ 48-27-101 to -1105. However, the court's procedures in this matter were fatally flawed. None of the statutory requirements for issuing a domestic violence protective order were followed. For example, West Virginia Code § 48-27-304(a) requires that a request for a domestic violence protective order be "commenced by the filing of a verified petition," but no such petition was filed here. Furthermore, while West Virginia Code § 48-27-403 permits the issuance of an ex parte emergency domestic violence protective order, this statute also requires that the emergency order be served on the accused and that a hearing be held within ten days where the allegations must be proven by a preponderance of the evidence. The sua sponte orders in this case were entered as final, with no further hearing, and without affording petitioner any notice or opportunity to defend himself.

"'The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard.' Syllabus Point 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937)." *In re Charleston Gazette FOIA Request*, 222 W. Va. 771, 773, 671 S.E.2d 776, 778 (2008). Petitioner was not afforded any due process before these restrictive orders were entered against him. As such, the orders are clearly erroneous as a matter of law. Moreover, because these orders were entered in the context of a juvenile delinquency proceeding, petitioner, as the parent, does not have the remedy of filing a direct appeal.

For the foregoing reasons, we conclude that the two protective orders entered by the Circuit Court of Berkeley County on February 9, 2023, are not enforceable, and we grant the requested writ of prohibition.[5]

Writ granted.

**ISSUED:** November 17, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] By granting this petition for prohibition, we are not ruling on the merits of R.W. III's disclosures to his guardian ad litem. A proper petition seeking a domestic violence protective order may still be pursued. Additionally, the guardian ad litem or the circuit court may make a report to Child Protective Services.